UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLEY N. MCGUIRE,<br><br>      Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>      Defendant. | CASE NO. 13-cv-05845 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 16, 23).

After considering and reviewing the record, the Court finds the ALJ failed to provide legally sufficient reasons to discount the opinion of examining psychologist,

Richard Coder, Ph.D..  Because this error was not harmless, this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, ASHLEY N. MCGUIRE, was born in 1986 and was 22 years old on the alleged date of disability onset of November 28, 2008 (*see* Tr. 209-214, 215-220). Plaintiff took special education classes, graduated from high school, and took a certified nursing assistance course (Tr. 51).  Plaintiff has work experience in food service, housekeeping, laminating boats, and child care (Tr. 181, 234).

According to the ALJ, plaintiff has at least the severe impairments of "adjustment disorder with anxious mood (20 CFR 404.1520(c) and 416.920(c))" (Tr. 18).

At the time of the hearing, plaintiff was pregnant and living in a house with her husband and five year old daughter (Tr. 53).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 102-104, 105-108, 111-118, 119-127, ). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on February 13, 2012 (*see* Tr. 32-80). On April 19, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.13-31).

In plaintiff's Opening Brief, plaintiff raises the following issue: (1) Whether or not the ALJ erred in weighing the medical opinion evidence (*see* ECF No. 16, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)     Whether or not the ALJ erred in weighing the medical opinion evidence.

Examining psychologist, Richard Coder, Ph.D., evaluated plaintiff on September 11, 2010 (Tr. 653-57).  Dr. Coder diagnosed plaintiff with post traumatic stress disorder and dementia due to head trauma and measured her GAF score at 44 (Tr. 656).  Dr. Coder found plaintiff to have a poor ability to reason, and poor memory functioning, but noted that she had good social interaction and interpersonal relationships (Tr. 657).  He also noted that plaintiff did poorly during concentration testing and that plaintiff's ability to adapt to routine changes would likely be impacted by her poor memory and cognitive functioning.  *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when

a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).

"In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

Because Dr. Coder's opinion is contradicted by the medical opinions of the state agency medical consultants, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence to discredit his opinion. *See Lester, supra*, 81 F.3d at 830-31. The ALJ gave Dr. Coder's opinion some weight finding Dr. Coder's assessment of plaintiff's social functioning consistent with the objective evidence in the record (Tr. 24-25). However, the ALJ found Dr. Coder's assessment of plaintiff's cognitive functioning to be inconsistent with plaintiff's activities (Tr. 25). The ALJ specifically noted plaintiff's testimony regarding her ability to care for her daughter, use facebook, drive a car, sweep the floors, and watch television. *Id*. The ALJ also noted that the "Agency's records show that the claimant was able to recall information about her childhood evaluations without difficulty and that she was able to remember to call on several occasions to check the status of her disability claim. *Id*. Plaintiff argues these were not legally sufficient reasons to discredit Dr. Coder's opinion (*See* ECF No. 16, pp. 8-13). This Court agrees.

The ALJ's primary reason for discrediting this opinion was that it was inconsistent with plaintiff's activities. However, it is not clear that the activities listed by the ALJ would be inconsistent with Dr. Coder's opinion. The ALJ based his conclusion solely on plaintiff's statements at the hearing regarding her activities (*see* Tr. 25). A review of the testimony shows that while plaintiff noted doing some of these activities, she also testified to having difficulties or limitations in performing these activities. While plaintiff testified to watching television, she also testified that she has problems following the plot of movies (Tr. 43-45, 67). Further, while the ALJ stated that plaintiff is able to

sweep the floor, plaintiff testified that her husband handles most of the household chores including cooking, shopping, and paying bills due to her memory problems (Tr. 65-67). Plaintiff also testified that she received help from her mother and sister in caring for her daughter (Tr. 65).  Plaintiff's testimony regarding her activities does not appear to be inconsistent with Dr. Coder's opinion.

The ALJ's conclusion that these activities are inconsistent with Dr. Coder's opinion is especially unconvincing given the fact that Dr. Coder was aware of plaintiff's activities when rendering his opinion.  Dr. Coder was aware that plaintiff took care of her daughter, played on the computer, and watched television (Tr. 654, 656).  Despite this, Dr. Coder still found plaintiff to have many functional limitations.  The ALJ's finding of inconsistency is not supported by substantial evidence.

The ALJ also discredited Dr. Coder's opinion noting that plaintiff was able to remember information about a childhood evaluation and remember to check the status of her claim (Tr. 25).  This is based on a note from a Social Security Administration employee stating that he or she called plaintiff and plaintiff reported having memory testing done in 2000.  (Tr. 661).  The employee went on to state that plaintiff "had no difficulties recalling this information." *Id*.  This statement alone is not sufficient to discredit Dr. Coder's opinion.  A Social Security Administration employee is not a medical professional and is not an expert in assessing memory abilities.  Further, the statement is vague and does not specify how much detail plaintiff remembered.  Merely remembering that she had testing done is not inconsistent with Dr. Coder's opinion. Further, Dr. Coder's opinion was based on testing and professional observations (Tr.

655).  A statement by a lay person regarding plaintiff's ability to remember an event does not constitute substantial evidence to discredit Dr. Coder's opinion (Tr. 654-56).

In regards to the ALJ's statement that plaintiff was able to remember to call and check the status of her disability claim, this also fails to be a legitimate reason to discredit Dr. Coder's opinion (Tr. 25).  The ALJ cited to a case development sheet which showed plaintiff called several times to check on the status her claim (Tr. 661).  However, Dr. Coder performed extensive memory testing measuring plaintiff's remote memory, recent memory, delayed memory, working memory, and immediate memory (Tr. 654-56). Plaintiff's ability to call in and check on the status of her case at random intervals is not a sufficient reason to discredit the opinion of a medical professional who based his opinion on objective testing *Id*.

The ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence to discredit Dr. Coder's opinion.  The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors'

that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).  It is not clear that all of Dr. Coder's opined limitations were included in plaintiff's residual functional capacity finding (Tr. 21).  As such, had the opinion been given full weight, the disability determination would likely change.  Thus the ALJ's error was not harmless.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 20th day of August, 2014.

J. Richard Creatura
United States Magistrate Judge